UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS L. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>RENO POLICE DEPT., *et al.*,<br><br>Defendants. | 3:16-cv-00281-RCJ-VPC<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and L RIB 1-4. Before the court is plaintiff Thomas L. Williams's application to proceed *in forma pauperis* (ECF Nos. 1, 7, 8) and *pro se* complaint (ECF No. 1-1). Having reviewed all documents, the court recommends that the application to proceed *in forma pauperis* be granted, and that this action move forward as described herein.

## I. *IN FORMA PAUPERIS* APPLICATION

Based on the financial information provided in his application to proceed *in forma pauperis*, plaintiff is unable to pay the filing fee in this matter. (*See* ECF Nos. 1, 7, 8.) The court therefore recommends that the application be granted.

## II. LEGAL STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or

claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III.   DISCUSSION

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Proceeding *pro se* and pursuant to 42 U.S.C. § 1983, plaintiff brings civil rights claims against the Reno Police Department ("RPD"), RPD Officer Tallman, and RPD Detectives Utter, Keller, and Rasmussen, for actions taken in the course of two separate arrests occurring on January 13, 2016 and April 19, 2016. (ECF No. 1-1 at 1–3.)

A. **Counts I and II: Unlawful Arrest**

Counts I and II relate to two, allegedly unlawful arrests of plaintiff by defendants. (*Id.* at 4-7.) As set forth in Count I, plaintiff was arrested on multiple drug charges on January 13, 2016 by Officer Tallman. (*Id.* at 4.) From what the court can discern, plaintiff claims his arrest was unlawful as it "was not based on evidence" and was instead based upon a "personal vendetta" by Tallman relating to "bad blood" with plaintiff's brother. (*Id.* at 4, 9.) As set forth in Count II, plaintiff was again arrested on multiple drug charges on April 19, 2016 by Detectives Keller and Utter. (*Id.* at 6.) Plaintiff again alleges this arrest was unlawful as it "was not based on evidence" and was instead based upon a "personal vendetta" by detectives. (*Id.*) Plaintiff further claims that after both arrests he was placed in the "drunk tank" so defendants could "get their story straight" and that RPD officers regularly do this as a way to "find a reason to hold a criminal defendant when there's no legal reason to detain him." (*Id.* at 5, 7.)

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

However, § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence. Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they different in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 48 (1994)). Federal courts must take care to prevent prisoners from relying on §

1983 to subvert the differing procedural requirements of *habeas corpus* proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008). When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is a writ of *habeas corpus*. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93. Stated differently, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

It is apparent that plaintiff is challenging the constitutionality of his state court criminal proceeding and the corresponding sentence. Consequently, he must demonstrate that his conviction has been overturned to proceed in an action under § 1983. As he has not done so, his sole relief is a *habeas corpus* action. The court, therefore, recommends that counts I and II be dismissed without prejudice, without leave to amend.

**B.   Count III: Excessive Bail**

In count III, plaintiff alleges that the bail set for his release on January 13, 2016 and April 19, 2016 violated the Excessive Bail Clause of the Eighth Amendment. (*Id.* at 8.) Plaintiff claims that Tallman and Utter "were the direct and proximate cause of the bail enhancement" and his bail was raised for "the improper purpose [of] mak[ing] plaintiff suffer and sit in jail [for] at least a year." (*Id.*) Plaintiff further alleges that it is a "practice, policy, or procedure" of the RPD to raise bail "to fill city coffers." (*Id.* at 8-9.)

The Eighth Amendment's "Excessive Bail Clause prevents the imposition of bail conditions that are excessive in light of valid interests the state seeks to protect by offering bail." *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007). Both the Supreme Court and the Ninth Circuit have assumed, but never decided, that the Clause is incorporated against the states. *Id.* at 659. Bail is considered excessive if set at a figure higher than an amount reasonably

calculated to achieve the government's valid interests. *Id.* at 660 (citing *United States v. Salerno*, 481 U.S. 739, 754 (1987); *Stack v. Boyle*, 342 U.S. 1, 3 (1951)). To prevail on a claim under § 1983, a plaintiff must show that the putative governmental interest is invalid or that "bail was excessive in light of the purpose for which it was set." *Id.* at 661. Whether the amount is beyond the plaintiff's means is irrelevant. *Id.* at 662. In addition, the plaintiff must demonstrate that the defendants were the "actual and proximate cause of his bail enhancement." *Id.* at 663.

### 1. Tallman and Utter

Aside from offering "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, plaintiff provides no further information to support his allegations that Tallman or Utter caused his bail to be excessive. *See, Galen*, 477 F.3d at 663 (9th Cir. 2007) (law enforcement officers can only be held liable for excessive bail "only if they prevented the [judicial officer] from exercising his independent judgment.). Plaintiff has not alleged any facts indicating that Tallman or Utter prevented a judicial officer from exercising his or her independent judgment. Accordingly, because plaintiff has failed to state a colorable claim against the two officers, they should be dismissed without prejudice, with leave to amend.

### 2. The RPD

A municipality or municipal entity may be liable under 42 U.S.C. § 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). However, municipalities are "responsible only for 'their *own* illegal acts'" and cannot be held liable for simply employing a tortfeasor. *Id.* (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original)). The Ninth Circuit has recognized three ways in which municipal liability may be shown: (1) the constitutional violation was the result of "official policies or established customs" of the municipality; (2) the municipality's deliberate or conscious act of omission, such as a failure to adequately train its employees, amounted to an official policy; or (3) the constitutional violation was committed by "an official with final policy-making authority or such an official ratified a

subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010).

Where a plaintiff's theory of liability is failure to train, the "omission must amount to 'deliberate indifference' to a constitutional right." *Id.* at 1249. Deliberate indifference is a high standard, met only "when 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'" *Id.* (quoting *City Canton v. Harris*, 489 U.S. 378, 390 (1989)); *see also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1145 (9th Cir. 2012) (deliberate indifference requires that the municipality "was on actual or constructive notice that its omission would likely result in a constitutional violation"). Put another way, the failure to train must "reflect[] a 'deliberate' or "conscious" choice by a municipality." *Canton*, 489 U.S. at 389. Only then is a "'policy of inaction . . . the functional equivalent of a decision by the city itself to violate the Constitution.'" *Connick*, 563 U.S. at 61–62 (quoting *Canton*, 489 U.S. at 395 (O'Connor, J., concurring in part and dissenting in part).).

Previously, the rule within the Ninth Circuit was that a claim of municipal liability could survive a motion to dismiss even if "based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Shah v. Cnty. of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986); *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002). However, the Ninth Circuit has since made clear that claims of municipal liability must adhere to the pleading requirements set forth in *Twombly* and *Iqbal*: (1) "'to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,'" and (2) "'factual allegations that are taken as true must plausibly suggest an entitlement to relief.'" *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)); *see also La v. San Mateo Cnty. Transit Dist.*, No. 14-cv-01768-WHO, 2014 WL 4632224, at *7 (N.D. Cal. Sept. 16, 2014).

Aside from plaintiff's allegation that it is the "practice, policy, or custom" of the RPD to excessively raise bail, nothing more is said about the RPD's training practices, specific policies

and procedures are not identified, and plaintiff does not allege how such policies led to the violations complained of. Because the threadbare assertions simply recite the elements of a cause of action, with insufficient underlying facts to give fair notice to the defending parties, they are not entitled to the presumption of truth. *See AE ex rel. Hernandez*, 666 F.3d at 637. Accordingly, because plaintiff has failed to state a colorable claim against the RPD, it should be dismissed with leave to amend.

## IV.   CONCLUSION

For the reasons articulated above, plaintiff should be permitted to proceed on one, but not all of his claims.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of judgment.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's applications to proceed *in forma pauperis* (ECF Nos. 1, 7) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiff's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE, WITHOUT LEAVE TO AMEND** as to **COUNTS I and II** against all defendants;

**IT IS FURTHER RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND** as to **COUNT III** against Tallman, Utter, and the RPD;

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date that this order is entered to file an amended complaint remedying, if possible, the defects identified above. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Plaintiff is advised that if he does not file an amended complaint within the specified time period, the court will recommend dismissal of his complaint WITH PREJUDICE. Plaintiff shall clearly title the amended complaint by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 3:16-cv-00281-RCJ-VPC, above the words "FIRST AMENDED COMPLAINT."

DATED: March 15, 2017

_____
UNITED STATES MAGISTRATE JUDGE