**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS L. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RENO POLICE DEPT., *et al.*,<br><br>　　　　Defendants. | 3:16-cv-00281-RCJ-VPC<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

　　　　This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and L RIB 1-4. Before the court is plaintiff Thomas L. Williams's first amended complaint (ECF No. 18). For the reasons discussed below, the court recommends that the amended complaint be dismissed without prejudice and without leave to amend.

### I.　　BACKGROUND AND PROCEDURAL HISTORY

　　　　Thomas L. Williams ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On April 12, 2017, this court issued a report and recommendation to the District Court recommending that plaintiff's application to proceed *in forma pauperis* be granted and screening plaintiff's original complaint (ECF No. 9). On April 12, 2017, the District Court adopted and accepted the report and recommendation and dismissed Counts I and II without prejudice without leave to amend and dismissed Count III without prejudice, with leave to amend. (ECF No. 10.) Counts I and II related to allegations of an unlawful arrest and plaintiff was directed to file a *habeas corpus* action. (ECF No. 9 at 3-4.) Count III related to allegations of excessive bail and was dismissed for failure to state a colorable claim. (*Id.* at 4-7.)

　　　　Plaintiff filed the amended complaint on May 30, 2017. As in the original complaint, plaintiff names as defendants Reno Police Department ("RPD") Officer Tallman, RPD Detective Utter, and the RPD, and again alleges unlawful arrest and excessive bail. (ECF No. 18.)

## II. LEGAL STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III. DISCUSSION

Plaintiff's amended complaint utterly fails to correct the defects identified in this court's prior screening order. First, plaintiff's allegations of unlawful arrest were dismissed without leave to amend, therefore the court will not consider those allegations again. (ECF No. 10.) If plaintiff wishes to pursue his unlawful arrest allegations, he is directed to file a *habeas corpus* action.

In Count III, plaintiff asserts that he was held with excessive bail by Tallman. The amended complaint does not adequately allege that Tallman violated the Excessive Bail Clause of the Eighth Amendment. Aside from offering "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, plaintiff provides no further information to support his allegations that Tallman caused his bail to be excessive. *See, Galen,* 477 F.3d at 663 (9th Cir. 2007) (law enforcement officers can only be held liable for excessive bail "only if they prevented the [judicial officer] from exercising his independent judgment.). Further, plaintiff has not alleged any facts indicating that Tallman prevented a judicial officer from exercising his or her independent judgment.

### IV. CONCLUSION

Although the court construes plaintiff's complaint liberally, even "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122. F.3d 1251, 1257 (9th Cir. 1997). For all the foregoing reasons, plaintiff has failed to state a colorable § 1983 claim against any of the named defendants, and the amended complaint must be dismissed. While mindful that *pro se* litigants are generally entitled to notice of the deficiencies in the complaint and an opportunity to amend, *Cato*, 70 F.3d at 1106, the court concludes that further leave to amend would be futile in this case. Plaintiff was previously advised of the applicable legal standards and granted the opportunity to cure the defects discussed above. (*See* ECF No. 9.) Plaintiff was either unable or unwilling to do so. Therefore, plaintiff's amended complaint and this action should be dismissed without leave to amend. *See, e.g.*, *Frank v. City of Henderson*, 2015 WL 5562582, at *5 (D. Nev. Sept. 21, 2015) (finding further leave to amend futile where plaintiffs amended complaint and again failed to

allege sufficient facts to support § 1983 claim); *Piovo v. Stone*, No. 2:13–cv–01922–APG–GWF, 2015 WL 1014344, at *3 (D. Nev. March 9, 2015) (dismissing without leave to amend where plaintiff failed "to adequately allege a federal claim despite being given three opportunities to do so").

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of judgment.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's amended complaint (ECF No. 18) be **DISMISSED WITHOUT PREJUDICE, WITHOUT LEAVE TO AMEND**;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: July 26, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**